**Emmanuel Andres SERRANO, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–75410.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 13, 2010.*

Filed Sept. 23, 2010.

* The panel unanimously concludes this case is suitable for decision without oral argument.

Gary G. Singh, Esquire, Law Office of Gary G. Singh, Honolulu, HI, for Petitioner.

*See* Fed. R.App. P. 34(a)(2).

Stephen J. Flynn, Assistant Director, Julie M. Iversen, Anh–Thu P. Mai–Windle, Senior Litigation Counsel, Mark Christopher Walters, Esquire, Assistant Director, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

### MEMORANDUM **

Emmanuel Andres Serrano, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") removal order. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Vargas–Hernandez v. Gonzales,* 497 F.3d 919, 921 (9th Cir.2007), and we dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to review the agency's discretionary denial of relief under former section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c) (repealed 1996). *See* 8 U.S.C. § 1252(a)(2)(B)(ii); *Vargas–Hernandez,* 497 F.3d at 923 ("Discretionary decisions, including whether or not to grant § 212(c) relief, are not reviewable."). Serrano does not raise a colorable due process challenge to the discretionary determination. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005). Because the discretionary determination is dispositive, we do

** This disposition is not appropriate for publi-

not reach Serrano's remaining contentions regarding his eligibility for section 212(c) relief.

■ The BIA did not act ultra vires or violate due process when it remanded Serrano's case to the IJ for entry of an order of removal. *See Lolong v. Gonzales,* 484 F.3d 1173, 1178 (9th Cir.2007) (overruling *Molina–Camacho v. Ashcroft,* 393 F.3d 937 (9th Cir.2004) and explaining that the BIA may reinstate an IJ's underlying removal order).

The government's motion to hold proceedings in abeyance is denied as moot.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.